**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **SAFE IP LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. _____** |
| **v.** | ) | |
| | ) | |
| **PROCTORIO, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Safe IP LLC ("Safe") files this Original Complaint and demand for jury trial seeking relief

from patent infringement of the claims of U.S. Patent No. 9,043,375 ("the '375 patent") (referred

to as the "Patent-in-Suit") by Proctorio, Inc. ("Proctorio").

## I.    THE PARTIES

1.   Plaintiff Safe IP LLC is a Texas Limited Liability Company with its principal place of

business located in Travis County, Texas.

2.   On information and belief, Proctorio is a corporation organized under the laws of the State

of Delaware with a regular and established place of business at 7340 E Main St Suite 203,

Scottsdale, AZ 85251. On information and belief, PROCTORIO sells and offers to sell products

and services throughout Delaware, including in this judicial district, and introduces products and

services that perform infringing methods or processes into the stream of commerce knowing that

they would be sold in Delaware and this judicial district. PROCTORIO can be served with process

through their registered agent, National Registered Agents, Inc., 1209 Orange Street, Wilmington,

Delaware 19801, or wherever they may be found.

## II.    JURISDICTION AND VENUE

3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Delaware and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and is incorporated in the State of Delware and this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware and this District.

**III.     INFRINGEMENT - Infringement of the '375 Patent**

6.   On May 26, 2015, U.S. Patent No. 9.043,375 ("the '375 patent", included as an attachment) entitled "SEARCHING THE INTERNET FOR COMMON LEMENTS IN A DOCUMENT IN ORDER TO DETECT PLAGIARISM," was duly and legally issued by the U.S. Patent and Trademark Office.  Safe owns the '375 patent by assignment.

7.   The '375 patent relates to a novel and improved plagiarism detection system system and associated methods.

8.   PROCTORIO offers for sale, sells and manufactures one or more plagiarism detection system systems that infringes one or more claims of the '375 patent, including one or more of claims 1-15, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '375 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9.   Support for the allegations of infringement may be found in the attached exemplary claim chart.  These allegations of infringement are preliminary and are therefore subject to change.

10. PROCTORIO has and continues to induce infringement from at least the filing date of the lawsuit. PROCTORIO has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., plagiarism detection system systemS) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-15 of the '375 patent, literally or under the doctrine of equivalents.  PROCTORIO, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '375 patent and the technology underlying it from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

11. PROCTORIO has and continues to contributorily infringe from at least the filing date of the lawsuit. PROCTORIO has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

services (e.g., plagiarism detection system systemS) and related services that provide question and

answer services across the Internet such as to cause infringement of one or more of claims 1-15 of

the '375 patent, literally or under the doctrine of equivalents.  PROCTORIO, from at least the

filing date of the lawsuit, has continued to encourage and instruct others on how to use the products

showing specific intent.  Further, there are no substantial noninfringing uses for Defendant's

products and services.  Moreover, Defendant has known of the '375 patent and the technology

underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is

previously alleged in this complaint.

12. PROCTORIO has caused and will continue to cause Safe damage by direct and indirect

infringement of (including inducing infringement of) the claims of the '375 patent.

## IV.    JURY DEMAND

Safe hereby requests a trial by jury on issues so triable by right.

## V.    PRAYER FOR RELIEF

WHEREFORE, Safe prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '375 patent through selling,

offering for sale, manufacturing, and inducing others to infringe by using and instructing

to use camera systems for monitoring a driver;

b.    award Safe damages in an amount sufficient to compensate it for Defendant's infringement

of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together

with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Safe an accounting for acts of infringement not presented at trial and an award by

the Court of additional damage for any such acts of infringement;

---

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

d.     declare this case to be "exceptional" under 35 U.S.C. § 285 and award Safe its attorneys'

        fees, expenses, and costs incurred in this action;

e.     declare Defendant's infringement to be willful and treble the damages, including attorneys'

        fees, expenses, and costs incurred in this action and an increase in the damage award

        pursuant to 35 U.S.C. § 284;

f.      a decree addressing future infringement that either (if) awards a permanent injunction

        enjoining Defendant and its agents, servants, employees, affiliates, divisions, and

        subsidiaries, and those in association with Defendant from infringing the claims of the

        Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in

        an amount consistent with the fact that for future infringement the Defendant will be an

        adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the

        future infringement will be willful as a matter of law; and

g.     award Safe such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Chong Law Firm PA**

*/s/ Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, Delaware 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: patent@chonglawfirm.com

OF COUNSEL:

**Ramey LLP**

William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
Jeffrey Kubiak
Texas Bar No. 24028470

jkubiak@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for Safe IP LLC***